Barbara K. Berrett (#020994)
Mark D. Taylor (#024785)
BERRETT & TAYLOR, LC
2355 E. Camelback Road, Suite 618
Phoenix, AZ 85016
Telephone: (602) 516-7000
Facsimile: (602) 516-7006

*Attorneys for Verappraise, Inc., McGregor-Echols Group,
Kelly Hill and Jeff D. McGregor*

# IN THE UNITED STATES DISTRICT COURT

## ARIZONA DISTRICT

| | |
|---|---|
| The Biltmore Bank of Arizona, an Arizona corporation, <br><br> Plaintiff, <br><br> vs. <br><br> Stewart Title Guaranty Company, a foreign corporation; Stewart Title North Texas, Inc., a Texas corporation; Gay Griffin and John Doe Griffin, husband and wife; Jeanette Brito and John Doe Brito, husband and wife; Panayotis Maniatis and Jane Doe Maniatis, husband and wife; Antonia Davrados and John Doe Davrados, husband and wife; Eric Wavomba and Jane Doe Wavomba, husband and wife; Fidelity Funding Mortgage Corp., a dissolved Texas Corporation; Fidelity Homes & Loans, an unincorporated association, trade name, or d/b/a, headquartered in Texas; Fidelity Funding Mortgage Corp. of Delaware, a Delaware corporation; First Empire Financial, LLC, an unincorporated association, trade name, or d/b/a, headquartered in Texas; Verappraise, Inc., a Texas corporation; McGregor-Echols Group, a Texas association; Jeff D. McGregor, Jr. and Jane Doe McGregor, husband and wife; | **Case No.: CV06-2028-PHX-ROS** <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS VERAPPRAISE, INC., MCGREGOR-ECHOLS GROUP, JEFF MCGREGOR AND KELLY HILL'S MOTION TO DISMISS** <br><br> **(Assigned to the Honorable Roslyn O. Silver)** |

| | |
|---|---|
| Kelly G. Hill and John Doe Hill, husband and wife; John Does 1-10; Black Corporations 1-15; White Limited Liability Corporations 1-15; and Red Unincorporated Associations 1-15. | : : : : : : : |
| Defendants. | : |

Verappraise, McGregor-Echols Group, Jeff D. McGregor Jr. and Kelly Hill ("Appraisal Defendants"), appearing specially for the purpose of contesting this Court's personal jurisdiction over them, hereby submit this Reply Memorandum in Support of Defendants' Motion to Dismiss.

## LEGAL ANALYSIS

### I. PLAINTIFF'S ARGUMENTS BASED UPON THE "LAW OF THE CASE" DOCTRINE ARE IMPROPER AND SHOULD BE REJECTED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER THE APPRAISAL DEFENDANTS.

In its Response in Opposition to Defendants' Motion to Dismiss, Plaintiff Biltmore Bank of Arizona ("Biltmore"), relies heavily upon this Court's prior ruling—that the Court has personal jurisdiction over Defendant Stewart Title—to support its erroneous assertion that this Court has personal jurisdiction over the Appraisal Defendants, and that venue is proper in this Court. Biltmore's reliance is misplaced.

The Ninth Circuit has held that "[u]nder the law of the case doctrine a decision of the court . . . must be followed in all subsequent proceedings in the same case . . ., **involving the same parties**." *Eichman v. Fotomat Corporation*, 880 F.2d 149 (9th Cir. 1989) (emphasis added). Furthermore, under Arizona common law, which must be applied in this diversity action, "[t]he law of the case doctrine is only applicable when an appellate court, not a trial court, has ruled on a prior appeal of the same case." *State*

*v. Orendain*, 916 P.2d 1064 (Ariz. Ct. App. 1996) (overruled on other grounds 932 P.2d 1325 (Ariz. 1997)). Accordingly, this Court's jurisdictional ruling as to Stewart Title has absolutely no bearing on the question of this Court's personal jurisdiction over the Appraisal Defendants.

Even if the Stewart Title ruling were considered, the alleged wrongful conduct of Stewart Title in sending an inaccurate HUD document to Arizona is much different than the Appraisal Defendants' conduct, which involved preparing the appraisal report at issue and providing it to Fidelity Mortgage in Texas. Unlike Stewart Title, the Appraisal Defendants did nothing to "purposefully direct" their activities toward Arizona.

Despite Biltmore's attempt to complicate the matter, the determination as to personal jurisdiction is straightforward. As has been explained in detail in the Appraisal Defendants' Memorandum in Support of its Motion to Dismiss, the Appraisal Defendants are Texas residents and Texas business entities. None of the Appraisal Defendants conduct business or maintain offices in any other state other than Texas. The licensure under which the Appraisal Defendants operated was granted by the State of Texas. When the appraisal report was completed it was provided to Fidelity Mortgage in Dallas, Texas. The property at issue is located in Texas. In short, the Appraisal Defendants did nothing to purposefully avail themselves of the privilege of conducting activities in Arizona. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Accordingly, Plaintiff's assertion that this Court may exercise personal jurisdiction over the Appraisal Defendants is simply wrong. In truth, the Appraisal Defendants lack sufficient "minimum contacts with [Arizona] such that the maintenance of the suit does . . . offend traditional notions of fair play and substantial justice." *Int'l*

*Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (emphasis added). None of the Appraisal Defendants could have "reasonably anticipated being haled into [Arizona] court" given that they have no contacts with Arizona, and that the transactions at issue herein all took place in the State of Texas. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). To allow this matter to proceed in Arizona would violate the Appraisal Defendants' due process rights under the Fourteenth Amendment. This Court, should therefore, decline to exercise jurisdiction over the Appraisal Defendants.

## II. VENUE IS IMPROPER IN ARIZONA

Even if this Court should find that it has personal jurisdiction over the Appraisal Defendants, which it does not, venue is improper in Arizona, and this Court should transfer this case to the proper venue in the Northern District of Texas, Dallas Division.

With regard to the claims against the Appraisal Defendants, Biltmore has failed to demonstrate, as is its burden to do so, that venue is proper in any way under 28 U.S.C. §1391(a). None of the Appraisal Defendants reside in Arizona, and the property that is the subject of the action is located in Texas. Plaintiff's only possible claim is that venue is proper in Arizona because "a substantial part of the events or omissions giving rise to the claim occurred" in Arizona, which is not the case here. *See* 28 U.S.C. §1391(a) (2).

As stated previously, the facts of this case demonstrates that Biltmore's claims against the Appraisal Defendants have no connection with Arizona. Biltmore's Complaint alleges fraud, as well as various causes of action sounding in negligence. Plaintiff alleges claims against the Appraisal Defendants for events and omissions which occurred in Texas, where the Texas-licensed appraisers made an appraisal of Texas real property for a Texas client. As it is clear that all the events and omissions

giving rise to plaintiff's claims against the Appraisal Defendants occurred in Texas, the proper venue for these claims is in Texas. Therefore, the Appraisal Defendants seek either an order of dismissal of these claims against them, or an order transferring these claims to the proper venue in the Northern District of Texas, Dallas Division.

## **CONCLUSION**

This Court lacks personal jurisdiction over the Appraisal Defendants, who are all residents of Texas and who all lack sufficient minimum contacts with Arizona such that the assertion of jurisdiction over them would not comport with the due process protections afforded nonresident defendants. Additionally, venue in this district is improper, and the claims against the Appraisal Defendants should be dismissed or, in the alternative, transferred to the Northern District of Texas, Dallas Division.

**RESPECTFULLY SUBMITTED** this 7th day of June, 2007.

        /S/ BARBARA K. BERRETT
Barbara K. Berrett
Mark D. Taylor
BERRETT & TAYLOR, LC
2355 E. Camelback Road, Suite 618
Phoenix, AZ 85016
*Attorneys for Verappraise, Inc.,
McGregor-Echols Group, and
Jeff D. McGregor*

**ORIGINAL FILED** electronically
filed this **7th day of June, 2007**, with:

UNITED STATES DISTRICT COURT
Arizona Division

**COPY** of the foregoing sent via
electronic delivery
this **7th day of June, 2007**, to:

Mr. Jesse Thomas Anderson
Mr. Monty Lee Greek
Mr. Scott H. Zwillinger
Zwillinger & Georgelos
2425 E. Camelback Road, Suite 600
Phoenix, AZ 85016
Attorneys for **Plaintiff**

Mr. Gary Frank Howard
Gary F. Howard, PC
3030 N. 3rd Street, Suite 200
Phoenix, AZ 85012
Attorney for **Defendants Stewart Title
 Guarantee Company and Stewart Title North
 Texas, Inc.**

Mr. Mark T. Davenport
Figari & Davenport
3400 Bank of America Plaza
901 Main Street
Dallas, TX 75202
Attorney for **Defendants Stewart Title
 Guarantee Company and Stewart Title North
 Texas, Inc.**

Mr. Morris Clay Gore
Glast Phillips & Murray, PC
13355 Noel Road, Suite 2200 LB48
Dallas, TX 75240-1518
Attorney for **Defendants Antonia Davrados and
 Toney Davrados**

Darrell D. Minter
5420 LBJ Freeway
Dallas, TX 75240-6222

Attorney for **Defendants** Panayotis and Vasilis Maniatis

Gay and Howard Griffin
1129 Regal Drive
Garland, TX 75040-7588

Jeanette Brito and Bernie Garcia
7608 Queens Garden Dr.
Dallas, TX 75248

Eric and Jane Doe Wavomba
c/o Fidelity Funding Mortgage Corp.
8111 LBJ Freeway, Suite 980
Dallas, TX 75251

Fidelity Funding Mortgage Corp.
8111 LBJ Freeway, Suite 980
Dallas, TX 75251

Fidelity Funding Mortgage Corp.
c/o Elizabeth Grossman
10405 High Hollows Dr., #204
Dallas, TX 75230

Fidelity Homes & Loans
c/o Fidelity Funding Mortgage Corp.
8111 LBJ Freeway, Suite 980
Dallas, TX  75251

Fidelity Home & Loans
c/o Elizabeth Grossman
10405 High Hollows Dr., #204
Dallas, TX 75230

Fidelity Funding Mortgage Corp. of Delaware
c/o Fidelity Funding Mortgage Corp.
8111 LBJ Freeway, Suite 980
Dallas, TX  75251

Fidelity Funding Mortgage Corp. of Delaware
c/o Elizabeth Grossman
10405 High Hollows Dr., #204
Dallas, TX 75230

/ / /
/ / /

First Empire Financial, LLC
c/o Fidelity Funding Mortgage Corp.
8111 LBJ Freeway, Suite 980
Dallas, TX 75251


First Empire Financial, LLC
c/o Elizabeth Grossman
10405 High Hollows Dr., #204
Dallas, TX 75230


   /s/ Barbara K. Berrett_____